[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Court has reviewed the authorizations plaintiff has submitted as recently as March 11, 1998 and determines that they do not fully meet defendants' entitlement.
As currently composed, said authorizations would leave to a treater the sole power to determine proximate cause. ["records . . . relating to car accident of March 18, 1990," etc.] These determinations are for the trier of fact, possibly to be aided by treater's opinions. However, defendants are not to be hamstrung in cross-examination of a treater's opinion on causation by plaintiff withholding other medical findings or complaints of the patient from defendant.
As a result, plaintiff must forthwith provide to defendants CT Page 1989 authorizations to Doctors Gabriel and Prokop for all records (not just reports), for February 16, 1987 to present. The court is aware that standard form discovery speaks of "reports" rather than "records." In context, however, where causation dispute(s) are apparent in conjunction with other accidents, it is clear the treater's records will likely be reviewed at deposition, leaving little reason to prevent prior scrutiny, especially if this, in turn, might obviate the need for such deposition. Such records, additionally, would obviously be admissible at trial, under multiple rationale, and thus easily meet (and surpass) the traditional discovery thresholds.
Nor is plaintiff permitted to restrict the authorization (as it does most recently, as to "reports or opinions) to material previously furnished to plaintiff or his attorneys. Defendants' rights in this area are not circumscribed by what plaintiff has sought or received.
NADEAU, J.